**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **R.R.**

**No. 21-0054** (Gilmer County 20-JA-6)

**MEMORANDUM DECISION**

Petitioner Mother K.R., by counsel Andrew Chattin, appeals the Circuit Court of Gilmer County's December 22, 2020, order terminating her custodial rights to R.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her custodial rights without granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2019, the DHHR filed an abuse and neglect petition alleging that petitioner abused methamphetamine while pregnant with R.R. and was incarcerated on federal drug-related charges at the time of the child's birth. Additionally, the DHHR alleged that petitioner's parental rights to two older children were involuntarily terminated in a prior proceeding and that she voluntarily relinquished her parental rights to four other children in a separate proceeding. According to the record, these prior cases also concerned petitioner's substance abuse. Following the petition's filing, petitioner waived her preliminary hearing.

In September of 2020, petitioner was released from prison and placed on six years of parole. Later that month, the circuit court held an adjudicatory hearing, and petitioner stipulated to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

the allegations contained in the petition. The circuit court accepted petitioner's stipulation and adjudicated her as an abusive and neglectful parent.

The circuit court held a dispositional hearing in November of 2020, at which time it considered petitioner's motion for an improvement period, the DHHR's motion to terminate parental rights, and the guardian's motion to terminate custodial rights. The DHHR presented the testimony of a Child Protective Services ("CPS") worker, who testified that the DHHR recommended termination of petitioner's parental rights based upon her prior terminations and her failure to address her drug abuse issues. The CPS worker testified that, to her knowledge, petitioner had taken no steps to address her drug abuse since the termination of her parental rights to an older child in late 2019 or early 2020, and had not contacted the DHHR since her release from incarceration.

Petitioner testified that she would comply with an improvement period if she were granted one. Petitioner testified that she had served a one-year term of incarceration following her guilty plea to one count of aiding and abetting the distribution of methamphetamine. Petitioner stated that she was granted parole and would be bound to its terms for six years. Petitioner testified that she intended to seek long-term inpatient drug treatment and that she realized her mistakes after having been incarcerated. However, petitioner testified that she had not made any efforts to contact the DHHR after her release because she "ha[d not] really thought about it." Petitioner also conceded that she had not successfully completed her improvement period during prior cases, all of which were related to drugs, and that she had not sought out drug treatment since her most recent case.

The circuit court found that it was undisputed that petitioner's parental rights had been terminated, or she had voluntarily relinquished her parental rights, to six older children and that substance abuse had been a significant issue in all of the cases. The circuit court noted that petitioner had been drug-free for approximately one year "mainly because she's been incarcerated" and not because she received treatment. The circuit court further found that petitioner had not had contact with the child since birth and had no bond with her. The circuit court denied petitioner's motion for an improvement period and, based upon the guardian's recommendation, terminated petitioner's custodial rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. It is from the December 22, 2020, dispositional order that petitioner appeals. [2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]Upon the recommendation of the guardian, the circuit court terminated petitioner's custodial rights, rather than her parental rights, as the child had achieved permanency by being placed in the care of her nonabusing father, giving petitioner the opportunity to seek out long-term drug treatment. The permanency plan for the child is to remain in her nonabusing father's care.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her custodial rights without first granting her an improvement period. According to petitioner, she testified that she had never attended long-term inpatient drug treatment and requested an improvement period so that she could attend such treatment. Petitioner also states that she testified she would comply with the terms and conditions of an improvement period. Petitioner argues that the DHHR took no action to assist her or provide her with any services, having made up their minds from the filing of the petition that they would seek the termination of her parental rights because of her prior case history. Petitioner avers that her testimony established that there was a reasonable likelihood that she could correct the conditions of abuse and neglect as she was willing to seek help for her addiction issues. Petitioner contends that "the burden of proof was upon the [DHHR] to show that termination was the proper course in this case and . . . they failed to offer her services, failed to investigate her living arrangement, and generally failed to give [her] any chance at all to correct the conditions which led to the [petition's] filing."

Pursuant to West Virginia Code § 49-4-604(b)(7)(C), the DHHR was not "required to make reasonable efforts to preserve the family" because "the parental rights of [petitioner] to another child [had] been terminated involuntarily." Therefore, the DHHR was justified in not affording petitioner services throughout the proceedings. However, petitioner's prior termination of her parental rights was not dispositive as to an improvement period. West Virginia Code § 49-4-610(3)(B) provides that the circuit court may grant a parent a post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). "Additionally, if a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004).

Here, petitioner fails to demonstrate that she was entitled to an improvement period. While it is true that petitioner testified to her willingness to attend substance abuse rehabilitation, the circuit court, as the fact finder below, was free to judge petitioner's credibility as a witness in this regard. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second

guess such determinations."). Moreover, the record is clear that petitioner has a significant history of drug abuse, that she was offered improvement periods during prior proceedings, and that she failed to comply with services or remedy the conditions of abuse, leading to the termination or relinquishment of her parental rights to six older children. Additionally, the evidence established that petitioner failed to attend drug treatment following the termination of her parental rights to her older children or following her release from incarceration during the proceedings below. This Court has previously held that "[t]he circuit court has the discretion to refuse to grant an improvement period when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Given the foregoing, it is clear that no improvement was likely and that the circuit court did not abuse its discretion in denying petitioner's motion for an improvement period.

We likewise find no error in the circuit court's termination of petitioner's custodial rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental, custodial, and guardianship rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help." Moreover, "the legislature has reduced the minimum threshold of evidence necessary for termination where" the parent's parental rights to another child have been terminated involuntarily. *In re Kyiah P.*, 213 W. Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W. Va. 435, 437, 518 S.E.2d 863, 865 (1999)); *see also* W. Va. Code § 49-4-605(a) (outlining factors under which the DHHR must seek termination of a parent's parental rights).

The evidence supports a finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. Petitioner did not successfully complete improvement periods during at least two of her prior proceedings, resulting in the termination of her parental rights to two older children and the voluntary relinquishment of her parental rights to four children. Following the prior proceedings, petitioner was sentenced to incarceration for drug-related criminal charges, and she remained incarcerated for five months of the underlying proceedings. While petitioner claims that she has not abused drugs since October of 2019, the circuit court found that her sobriety was a result of her incarceration and that she had not independently sought out or received any drug treatment. Accordingly, petitioner demonstrated an inadequate capacity to solve the problems of abuse and neglect on her own or with help and, given the reduced threshold of evidence necessary for termination in this case, we find no error in the circuit court terminating petitioner's custodial rights to the child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 22, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: June 3, 2021

4

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton